UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: _____

JESSICA NICOLE BERRY,

    Plaintiff,

v.

CANDID RESEARCH, INC.,

    Defendant.
_____/

## FAIR CREDIT REPORTING ACT COMPLAINT WITH DEMAND FOR JURY TRIAL

Plaintiff, Jessica Nicole Berry, through undersigned counsel, hereby alleges:

### INTRODUCTION

1. This is an action against Candid Research, Inc. (hereinafter "Candid Research"), for actual damages, punitive damages, costs, and attorney's fees under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Candid Research is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It sells employment background reports to employers — i.e., consumer reports generated from its database and furnishes the reports to employers who use them to make decisions regarding whether or not to offer employment to certain consumers (or to retain them as employees). Soon before or after Jessica Nicole Berry began working for a company in Florida called Flagler Health and Wellness (closely related to Magnified Health), the company asked Candid Research for an employment background report about Ms. Berry. Candid Research then searched one or more public databases for any evidence that Ms. Berry had a criminal background. Using inadequate procedures, Candid Research created and sent Flagler Health and Wellness a report which inaccurately stated that Ms. Berry is a convicted criminal who was found guilty of criminal mischief and drunk driving in 2018 and 2019,

respectively. Utilizing the flawed report, Flagler Health and Wellness promptly terminated Ms. Berry's employment.

2. Candid Research's investigative procedures and report were woefully inadequate, negligently and recklessly performed:

- Candid Research reported the criminal background for Plaintiff even though the information that it accessed derived from the Vanderburgh County, Indiana public case database clearly showed that the information pertained not to her, but to a criminal defendant that a *state or county attorney* with a similar name had prosecuted (the prosecutor was Jessica R. Berry);

- Candid Research reported the criminal background for Plaintiff even though her date of birth is different;

- Candid Research did not compare social security numbers, which were completely different;

- Candid Research did not compare residential histories, which were completely different; and

- Candid Research did not compare other identifiers, which were completely different.

## JURISDICTION AND VENUE

3. *Subject Matter Jurisdiction*. Federal question jurisdiction exists pursuant 28 U.S.C. § 1331 and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq., as amended by* the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), Pub. L. 108-159, 111 Stat. 1952.

4. *Personal Jurisdiction*. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the laws of the State of Florida by regularly and systematically conducting business in Florida, both through the Internet and through business locations in Florida, by providing background reports to businesses that are located in Florida, and concerning consumers who reside in Florida. Indeed, Candid Research provided the background report to a

company located in Florida (Flagler Health & Wellness, LLC, located in West Palm Beach, FL), purportedly about Plaintiff Jessica Berry, who resides in Florida.

5.  *Venue*. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because, at all times relevant herein, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and Defendants regularly conducted business in Florida, or have been registered to do business in Florida, and hence are Florida residents and citizens. 28 U.S.C. § 1391(b)(2) provides, in relevant part, that "[a] civil action may be brought in…(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…." Under 28 U.S.C. § 1391(c), for all venue purposes, an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the Court's personal jurisdiction with respect to the civil action in question. Under the FCRA, specifically 15 U.S.C. § 1681p: "An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction…."

## PARTIES

6.  Plaintiff, **Jessica Berry**, is a resident and domiciliary of Palm Beach County, Florida. She resides at 100 SE Collins Lane, Apt. 105, Port Saint Lucie, Florida 34984.

7.  Plaintiff is a person of the full age of majority.

8.  Plaintiff is a "consumer" who is protected by the FCRA.

9.  Defendant **Candid Research, Inc.** is a California corporation with its headquarters and principal place of business located at 4175 East La Palma Avenue, Suite 275, Anaheim, California 92807. It regularly provides employers and other businesses with background checks about employees.

3

10. Candid Research is a "consumer reporting agency" as defined by the FCRA at 15 U.S.C. §1681a(f) because, for monetary fees, it regularly engages in the practice of evaluating and/or assembling information on consumers for the purpose of furnishing consumer reports for employment purposes to third parties, and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports.

## THE FAIR CREDIT REPORTING ACT AND ITS PROTECTIONS FOR JOB APPLICANTS

11. In 1970, Congress enacted the Fair Credit Reporting Act in 1970 because of two related concerns: First, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or for credit, and when applying for housing. Second, despite their great importance, consumer reports were unregulated and had widespread errors and inaccuracies that could be very harmful to consumers.

12. While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure their "confidentiality, accuracy, relevancy, and proper utilization." 15 U.S.C. § 1681.

13. With its concern about inaccuracies in consumer reports, Congress include a provision in the FCRA that specifically requires CRAs to follow "reasonable procedures to assure maximum possible accuracy" of the contents of consumer reports. 15 U.S.C. § 1681.

14. Consumer reports that contain factually incorrect information that belongs to another consumer are neither maximally accurate nor fair to the consumers who are subjected to such reports.

15. Despite its name, the FCRA covers more than just credit reporting. It also regulates employment backgrounds checks like the one that Candid Research prepared about Plaintiff.

16. The FCRA provides a number of protections for job applicants who are subjected to background checks.

4

17. In the parlance of the FCRA, backgrounds checks are "consumer reports," and providers of background checks, like Candid Research, are "consumer reporting agencies." 15 U.S.C. § 1681a(d) and (f).

18. Under 15 U.S.C. § 1681e(b), CRAs are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

19. To ensure fair and accurate consumer credit reporting, Congress enacted the Fair Credit Reporting Act (FCRA) in 1970. The statute clearly states that CRAs must "exercise their grave responsibilities" by adopting "reasonable procedures" that ensure that a consumer's report is accurate. *See* 15 U.S.C. §1681(a)(4), (b).

20. The FCRA, 15 U.S.C. § 1681i, describes some of the CRAs' obligations in conducting reinvestigations of disputed information.

21. Congress also intended for the FCRA to promote efficiency in the banking system, and to protect consumer privacy. *See* 15 U.S.C. §1681(a)(1), (a)(4).

## FACTS

22. Candid Research is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It sells employment background reports to employers — i.e., consumer reports generated from its database and furnishes the reports to employers who use them to make decisions regarding whether or not to offer employment to certain consumers (or to retain them as employees).

23. Soon before or after Jessica Nicole Berry began working in or about April 25, 2023 for a company in Florida called Flagler Health and Wellness ("Flagler") (which is closely related to Magnified Health), the company asked Candid Research for an employment background report about Ms. Berry.

5

24. Candid Research then searched one or more public databases for any evidence that Ms. Berry had a criminal background.

25. Using inadequate procedures, Candid Research created and sent Flagler Health and Wellness a report which inaccurately stated that Ms. Berry is a convicted criminal who was found guilty of criminal mischief and drunk driving in 2018 and 2019, respectively.

26. The May 9, 2023 background report that Candid Research created and provided to Flagler Health (Candid Research file # 456150), stated in relevant part:

***************************Alert!***************************

| RESULTS | **Records Found** | | |
|---|---|---|---|
| NAME SEARCHED | BERRY, JESSICA NICOLE | SEARCH DATE | 05-01-2023 11:38 AM MDT |
| DOB SEARCHED | 02-19-XXXX | SEARCH SCOPE | 7 years |
| JURISDICTION | IN-VANDERBURGH | | |

***Abstract***

| NAME ON RECORD | BERRY, JESSICA NICOLE | CASE NUMBER | 82D02-1904-F6-002323 |
|---|---|---|---|
| DOB ON RECORD | 02-19-1987 | COURT | Vanderburgh Superior Court 2 |
| OTHER IDENTIFIERS | | FILE DATE | 04-02-2019 |
| OTHER INFO | | | |

**Count**

| TYPE | MISDEMEANOR | OFFENSE | OPERATING A VEHICLE WHILE INTOXICATED ENDANGERING A PERSON |
|---|---|---|---|
| DISPOSITION | GUILTY | | |
| DISPOSITION DATE | 05-20-2019 | OFFENSE DATE | 03-21-2019 |
| SENTENCE | $560.00 IN FINES | | |
| OTHER INFO | | | |
| COMMENT | | | |

6

***Abstract***

| | | | |
|---|---|---|---|
| NAME ON RECORD | BERRY, JESSICA NICOLE | CASE NUMBER | 82D01-1801-F6-000160 |
| DOB ON RECORD | 02-19-1987 | COURT | Vanderburgh Superior Court 1 |
| OTHER IDENTIFIERS | | FILE DATE | 01-05-2018 |
| OTHER INFO | | | |

**Count**

| | | | |
|---|---|---|---|
| TYPE | MISDEMEANOR | OFFENSE | CRIMINAL MISCHIEF |
| DISPOSITION | GUILTY | | |
| DISPOSITION DATE | 08-16-2018 | OFFENSE DATE | 01-02-2018 |
| SENTENCE | 160 DAYS IN JAIL $1,280.00 IN FINES | | |
| OTHER INFO | | | |
| COMMENT | | | |

27.  Utilizing the flawed report, Flagler promptly terminated Ms. Berry's employment, on or about May 15, 2023.

28.  Candid Research's investigative procedures and report were woefully inadequate, negligently and recklessly performed:

- ➢ Candid Research reported the criminal background for Plaintiff even though the information that it accessed derived from the Vanderburgh County, Indiana public case database clearly showed that the information pertained not to her, but to a criminal defendant that a *state or county attorney* with a similar name had prosecuted (the prosecutor was Jessica R. Berry);

- ➢ Candid Research reported the criminal background for Plaintiff even though her date of birth is different;

- ➢ Candid Research did not compare social security numbers, which were completely different;

7

➢ Candid Research did not compare residential histories, which were completely different; and

➢ Candid Research did not compare other identifiers, which were completely different.

29. At all relevant times herein, information publicly available on the Internet clearly has shown that Jessica R. Berry was and is a Vanderburgh County, Indiana prosecutor located at 1 N.W. Martin Luther King Jr. Blvd., Rm. 108, Evansville, Vanderburgh County, Indiana 47708-1828.

30. Candid Research's reporting was inaccurate and untrue. She is not a felon or criminal, and has never been charged with a felony or other crime. Her new/potential employer fired her and/or withdrew its offer of employment after receiving this false employment background check report from Candid Research.

31. Plaintiff further alleges that the Defendant damaged her creditworthiness, credit terms, and credit scores, and rendered her consumer credit files and credit reports inaccurate, unclear, and/or misleading, by failing to accurately report her employment history; by falsely describing her as aa convicted criminal.

32. Had Candid Research conducted even a cursory review of the pertinent public court records regarding criminal offenses it included in Ms. Berry's employment report, it would have discovered that she and the convicted felon have different names and different Social Security numbers. Therefore, Candid Research's violations of the FCRA were in reckless disregard of the FCRA's clear statutory mandates and, consequently, were willful.

33. Candid Research willfully failed to employ reasonable procedures to assure the maximum possible accuracy of the information it reported regarding Ms. Berry. Its failure to employ reasonable procedures resulted in its publishing a blatantly inaccurate report about her.

34. Candid Research's inaccurate report cost Ms. Berry a promising and well-paying job opportunity, damaged her reputation, and caused her to suffer a range of other actual damages,

including, but not limited to, loss of employment opportunities, wages, and benefits; loss of economic opportunities, positions, and advancement in the future; loss of sleep, lasting psychological damages; loss of capacity for enjoyment of life; emotional distress, including stress, anxiety, fear, mental anguish, frustration, humiliation, and embarrassment. These and other losses are continuing in nature.

## COUNTS

### Count 1 of 1:
### Jessica Nicole Berry against Candid Research, Inc.;
### Fair Credit Reporting Act, 15 U.S.C. § 1681e(b) —
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

35.  Plaintiff realleges and incorporates by reference the allegations contained in above paragraphs 1 through 34.

36.  Defendant failed "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

37.  Plaintiff seeks a judgment in her favor and against Defendant for all damages to which she may be entitled in the premises, including, but not limited to, actual damages (alternatively, statutory damages), punitive damages, costs, and attorney's fees under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*

## DEMAND FOR PRESERVATION OF EVIDENCE

38.  Plaintiff hereby demands that Defendant maintain and preserve all evidence relating in any way to Plaintiff's allegations, including, but not limited to, all documents and things—printed, written, and/or electronic.

## DEMAND FOR CORRECTION

39.  Plaintiff hereby demands immediately take all steps necessary and appropriate to correct its records so that it cannot repeat the same mistakes set forth in this Complaint.

**DEMAND FOR JURY TRIAL**

40. Plaintiff is entitled to, and hereby demands, a jury trial for all issues for triable, as stated in the Seventh Amendment to the United States Constitution, and Rule 38 of the Federal Rules of Civil Procedure.

**DATED Oct. 26, 2024.**


Respectfully submitted:

s/ Steven F. Grover
Steven F. Grover (131296)
5075 Regency Isles Way
Cooper City, FL 33330
954-290-8826
Email: stevenfgrover@gmail.com
*Counsel for Plaintiff*